J. S72018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    : PENNSYLVANIA
                                                    :
                              v.                    :
                                                    :
JESUS MANUEL ALVAREZ-DIAZ,                           :
                                                    :
                       APPELLANT                     :
                                                    : No. 321 MDA 2016

Appeal from the Judgment of Sentence February 4, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005351-2013

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 23, 2016**

Appellant, Jesus Manuel Alvarez-Diaz, appeals from the Judgment of

Sentence entered in the Berks County Court of Common Pleas on February

4, 2016, following the revocation of his probation and parole.  With this

appeal, Appellant's counsel, Megan C. Mahon, Esq., has filed a Petition to

Withdraw and an **Anders**[1] brief, stating that the appeal is wholly frivolous.

After careful review, we affirm the Judgment of Sentence and grant

counsel's Petition to Withdraw.

The procedural history relevant to the instant appeal is as follows.  On

September 12, 2014, Appellant entered a negotiated guilty plea to one count

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

of Robbery and one count of Conspiracy to Commit Robbery. The Honorable M. Theresa Johnson sentenced Appellant to 6 to 23 months' incarceration on the Robbery conviction, with a consecutive sentence of 5 years' probation on the Conspiracy conviction. The trial court made Appellant eligible for participation in the Earned Time reentry program, Appellant was eligible for release on January 19, 2015.

On April 10, 2015, Appellant was arrested on new criminal charges. *See* Docket No. CP-06-CR-0002259-2015. On February 4, 2016, Appellant appeared before Judge Johnson on the new charges and entered a negotiated guilty plea to one count each of Aggravated Assault and Conspiracy to commit Aggravated Assault. Judge Johnson sentenced Appellant to 15 to 60 months' incarceration.

That same day, Judge Johnson proceeded to a probation and parole revocation hearing in the instant case. Judge Johnson found Appellant in violation of his probation for the new conviction and sentenced Appellant to 2 to 4 years' incarceration, to run concurrent to his sentence on the new convictions. Due to the concurrent nature of the sentences imposed in both cases, the 2 to 4 year sentence added an additional 9 months to Appellant's new aggregate sentence. It did not impact the maximum range of Appellant's aggregate sentence.

On February 12, 2016, Appellant filed a Post-Sentence Motion for Modification of Sentence. Before any action was taken on the Post-Sentence

Motion, Appellant timely-filed a Notice of Appeal to this Court. The trial court did not rule on Appellant's Post-Sentence Motion. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Whether the sentencing court abused its discretion in imposing a sentence of two (2) to four (4) years of incarceration for Conspiracy to Commit Robbery where the sentence was manifestly excessive and fails to consider the fundamental norms underlying the sentencing code?

Appellant's Brief at 5.

As Appellant's counsel has filed an *Anders* Brief, we must consider her request to withdraw as counsel prior to reviewing Appellant's claims on the merits. *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). An *Anders* brief must comply with the requirements set forth by our Supreme Court:

[W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's **Anders** brief complies with the requirements of **Santiago**. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concludes that the instant appeal is wholly frivolous. Lastly, counsel has complied with the requirements set forth in **Millisock**. **See** Letter from Counsel to Appellant, dated 6/22/16. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant filed a timely Post-Sentence Motion and Notice of Appeal. He also included a separate Pa.R.A.P. 2119(f) Statement in his appellate brief. As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

Here, Appellant avers in his Rule 2119(f) statement that the sentence following revocation of his probation was excessive and that the trial court failed to consider mitigating factors before re-sentencing him. He claims that the trial court did not adequately consider his prior record score of zero at the time of his original sentencing, as well as the fact that he "has a supportive family who is able to provide him with a parole plan." Appellant's Brief at 13-14.

An argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257-58 (Pa. Super. 2004). *See also Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002) (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence)).

Moreover, we note that Appellant does not allege that his 2 to 4 year sentence is outside the statutory maximum sentence. Neither does Appellant point to any specific provision of the Sentencing Code the sentencing court ostensibly violated. Appellant's bald assertion that his sentence is excessive does not raise a substantial question. *See Commonwealth v. Trippett*, 932 A.2d 188, 201-03 (Pa. Super. 2007)

(bald allegations of excessiveness insufficient to permit discretionary review).

Accordingly, we conclude that Appellant has failed to raise a substantial question as to the appropriateness of his sentence and agree with counsel that this appeal is wholly frivolous. Furthermore, our independent review of the record reveals no additional non-frivolous claims. We therefore grant counsel's Petition to Withdraw and affirm the February 4, 2016 Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016